IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02538-PAB-KLM

M.K., minor, by and through their parent ERIN RAMLER,

      Plaintiff,

v.

POUDRE SCHOOL DISTRICT BOARD OF EDUCATION,
BRIAN KINGSLEY, individually and officially as Superintendent of the Poudre School District,
CHRISTOPHER FEBVRE, individually and officially as President of the Poudre School District Board of Education,
ROB PETTERSON, individually and officially as Director of the Poudre School District Board of Education,
NATE DONOVAN, individually and officially as Director of the Poudre School District Board of Education,
KRISTEN DRAPER, individually and officially as Director of the Poudre School District Board of Education,
CAROLYN REED, individually and officially as Director of the Poudre School District Board of Education,
DJ ANDERSON, individually and officially as Director of the Poudre School District Board of Education,
JESSICA ZAMORA, individually and officially as Director of the Poudre School District Board of Education,
TESSA OPPENHEIMER, individually and officially as Secretary of the Poudre School District Board of Education,
JILL BRUNNER, individually and officially as Assistant Secretary of the Poudre School District Board of Education, and
DAVE MONTOYA, individually and officially as Treasurer of the Poudre School District Board of Education.

      Defendants.
_____

**AMENDED ORDER AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Court's **Order to Show Cause** [#28][1] and on Plaintiffs' **Motion to Accept Plaintiff's Late Response to Order to Show Cause** [#32] (the "Motion").  In the Court's April 15, 2022 Order to Show Cause [#28], the Court ordered Plaintiffs, who proceed pro se,[2] to show cause in writing no later than May 5, 2022, as to why the Court should not recommend that this case be dismissed based on lack of standing.  They were warned: "**Failure to timely respond to this Order to Show Cause, or failure to respond and show cause, will result in a recommendation that Plaintiffs' case be dismissed without prejudice.**"  *Order to Show Cause* [#28] at 6 (emphasis in original).  No Response was filed by the deadline, and after waiting almost two weeks to account for any potential late filings, the Court issued an Order and Recommendation [#29] on May 17, 2022, to dismiss Plaintiffs' lawsuit without prejudice.

On May 19, 2022, Plaintiffs filed a Response [#31] to the Order to Show Cause [#28], and a day later filed the present Motion [#32], which was subsequently referred to the undersigned by the Chief Judge.  *See* [#33].  Plaintiffs state that they sent a copy of their Response [#31] to opposing counsel by e-mail by the May 5, 2022 deadline but, although they thought they had also submitted it to the Court, they mistakenly did not do

---

[1] "[#28]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order and Recommendation.

[2] The Court must construe liberally the filings of pro se litigants.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

so.  *Motion* [#32] at 1; *see also Ex. 1, Pl.'s May 5, 2022 E-mail to Jon Fero* [#32-1]. Because it appears that Plaintiffs made a good-faith effort to timely respond to the Order to Show Cause [#28], the Motion [#32] is **granted** and Plaintiffs' Response [#31] is accepted and considered as discussed below.

"[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding."  *Shaw v. AAA Eng'g & Drafting Inc.*, 138 F. App'x 62, 67 (10th Cir. 2005) (citing *State Farm Mut. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Subject matter jurisdiction encompasses the doctrine of standing.  *Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997) ("The case or controversy requirement of Article III limits federal jurisdiction to cases in which the plaintiff can demonstrate" standing.) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

On September 17, 2021, Erin Ramler ("Ramler") filed this lawsuit as a pro se litigant. *See Compl.* [#1].  On January 4, 2022, she filed an Amended Complaint [#20] pursuant to Fed. R. Civ. P. 15(a)(1).  She titled the case as being brought by "Erin Ramler and M.K., minor, by and through his parent, Erin Ramler, Plaintiffs."  *Am. Compl.* [#20] at 1.  Under the heading "Parties," she lists both M.K. and herself as separate plaintiffs.  *Id.* at 2.  In short, Plaintiffs believe that the Poudre School District Board of Education's mask mandate for school age children is illegal and violates Plaintiffs' rights.  They assert violations of the Fifth, Ninth, Tenth, and Fourteenth Amendments of the United States Constitution, a conspiracy claim under 42 U.S.C. § 1985, and various constitutional and statutory claims

under Colorado state law.  *Id.* at 24-52.  They request injunctive and declaratory relief.  *Id.* at 53-55.

A.    **Claims by M.K.**

Plaintiff M.K. is a minor child who is represented in this matter by his parent Ms. Ramler, proceeding pro se.  Whether a non-attorney parent may proceed on behalf of her minor child in federal court is an issue of standing.  *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) (citing *Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) ("The prudential standing doctrine encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights.  The plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (citation omitted) (brackets omitted) (internal quotation marks omitted)).  "Courts have a duty to enforce this rule sua sponte, as it is designed to protect the legal interests of children."  *Greene v. [No Named Defedant]*, No. 18-cv-01985-GPG, 2018 WL 10425408, at *2 (D. Colo. Aug. 10, 2018).

"The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654."  *Adams*, 659 F.3d at 1299.  "Because pro se means to appear for one's self, however, a person may not appear on another person's behalf in the other's cause; rather, a person must be litigating an interest personal to him."  *Id.* (internal brackets and quotation marks omitted).  The Tenth Circuit Court of Appeals has held "that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."  *Meeker v. Kercher*,

782 F.2d 153, 154 (10th Cir.1986) (per curiam).   "The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court 'is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms.'"   *Adams*, 659 F.3d at 1300 (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (internal quotation marks omitted)).

Courts have repeatedly held that a pro se litigant, even a parent, cannot represent a minor child in federal court except within the limited, and here inapplicable, context of social security disability appeals.  *See, e.g.*, *Lopez v. Colorado*, No. 19-cv-00684-WJM-MEH, 2020 WL 2309558, at *10 (D. Colo. Jan. 7, 2020) (". . . Plaintiff, proceeding pro se, may not seek recovery on behalf of or, otherwise, represent her son in this litigation."); *Greene v. U.S. Postal Serv.*, No. 19-cv-01495-LTB-GPG, 2019 WL 9093603, at *2 (D. Colo. July 23, 2019) ("Mr. Greene is not represented by an attorney.   Therefore, Mr. Greene may not represent the interests of his minor grandchild in this action."); *Gillis v. Britton*, No. 16-cv-02704-MEH, 2017 WL 5444547, at *4 (D. Colo. Nov. 14, 2017) ("Plaintiffs here are proceeding pro se and, thus, cannot bring claims on behalf of their children.").

Plaintiffs' cited cases do not alter the Court's analysis.  First, Plaintiffs cite *In re D.I.S.*, 249 P.3d 775, 780 (Colo. 2011), for the proposition that "[p]arents have a fundamental liberty interest in the care, custody, and control of their children." *Response* [#31] at 2.  While this may be true, *D.I.S.* did not speak to the issue of a parent's representation of her child in federal court; rather, the case concerned Colorado

guardianship laws.  Similarly, the United States Supreme Court addressed visitation issues in *Troxel v. Granville*, 530 U.S. 57, 65 (2000), not the issue of a parent's representation of her child in federal court.  *Response* [#31] at 2.  In addition, Plaintiffs' citations to the Privileges and Immunities Clause of the United States Constitution and to the Equal Access to Justice Act express broad principles with no applicability to the specific issue before the Court.  *Id.* at 4-5.

The majority of legal authority cited by Plaintiffs is in the context of the Individuals with Disabilities Education Act ("IDEA").  *Id.* At 3-4.  In *Winkelman ex rel. Winkelman v. Parma City School District*, 550 U.S. 516 (2007), the United States Supreme Court held that a parent is entitled to prosecute IDEA claims on her own behalf.  Plaintiffs' lawsuit does not assert a claim under the IDEA, however, and, even if it did, courts have not held that *Winkelman* gives a parent a right to prosecute a claim on behalf of her child, even in the limited context of the IDEA.  *See, e.g.*, *Woodruff v. Hamilton Tp. Pub. Schs.*, 305 F. App'x 833, 836 (3d Cir. 2009) (stating that the United States Supreme Court "reserved the question whether the IDEA entitles parents to litigate their child's claims pro se, and thus *Winkelman* does not translate into a broad right to pursue any statutory or common law claims on a child's behalf.  With the exception of an IDEA action on their own behalf, the [parents of child B.W.] may not represent B.W. in the federal courts in this circuit . . .") (internal citation omitted)).

Thus, the Court finds that Ms. Ramler may not represent the interests of her child M.K. in his lawsuit as a pro se litigant.  Accordingly, the Court finds that the claims asserted by M.K. by and through his parent Ms. Ramler must be dismissed without prejudice.  *See*

*Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (stating that "standing is a jurisdictional mandate," and holding that dismissal for lack of standing must be without prejudice)); *see also Greene*, 2019 WL 9093603, at *2 (dismissing the claims of the minor plaintiff without prejudice where the minor plaintiff was represented only by her grandfather proceeding as a pro se litigant).

## B.    Claims by Erin Ramler

It is not clear from the Amended Complaint [#20] that Ms. Ramler has standing to make any of the asserted claims on her own behalf.  Aside from stating that Ms. Ramler is "aggrieved," the entirety of the injury alleged and relief requested pertains to M.K.  *See, e.g.*, *Am. Compl.* [#20] at 22 (". . . the plaintiffs, in their own capacity and on behalf of their minor children, are aggrieved by the immediate and irreparable injury, loss, and damage suffered by their minor children because they are required to wear a mask pursuant to the School Board's mask mandate").

To satisfy Article III of the United States' Constitution's standing requirement, a plaintiff must allege that: "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013) (quoting *Friends of the Earth v. Laidlaw Envt'l Servs.*, 528 U.S. 167, 180-181 (2000)).

To demonstrate injury-in-fact, a plaintiff must show an "invasion of a legally protected interest."  *Lujan*, 504 U.S. at 560.  A legally protected interest that gives standing

in federal court must be "concrete and particularized" and "actual or imminent—not conjectural or hypothetical." *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ("That injury, we have emphasized repeatedly, must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to [her]self that is 'distinct and palpable,' as opposed to merely '[a]bstract.'" (internal citations omitted)). On her own behalf, Ms. Ramler merely states that she is "aggrieved" on behalf of her child having to wear a mask in school. Although she may be concerned for her child's welfare, the Court has found no legal authority demonstrating that this, without more, is enough to show an injury-in-fact to support standing for her as a parent where all of the alleged, purported injury appears to be to her child.

In the Response [#31] to the Order to Show Cause [#28], Plaintiffs mostly rely on generalized legal authority with no direct bearing on the issue here before the Court. Plaintiff does provide some additional allegations not found in the Amended Complaint, such as that her personal rights "are being violated anytime [she] step[s] foot in a PSD school building or engage PSD in any in person experience." *Response* [#31] at 5. However, Plaintiff has not alleged in the Amended Complaint itself that she has permissibly been on school grounds, been barred from school property, been asked to wear a mask while on school grounds, or that any other specific action has been taken to effect any potential injury on her which rises to the minimum level required for standing under the United States Constitution.

Accordingly, the Court finds that the claims asserted by Ms. Ramler herself must be dismissed without prejudice. *See Brereton*, 434 F.3d at 1216.

**C.     Conclusion**

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#32] is **GRANTED**.

IT IS FURTHER **ORDERED** that the original Order and Recommendation [#29] is **VACATED** and the Clerk of Court is directed to remove the gavel from this document on the electronic docket.

IT IS FURTHER **ORDERED** that the Order to Show Cause [#28] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that Plaintiffs' claims be **DISMISSED without prejudice**. *See Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (stating that where dismissal is without prejudice, an analysis of the factors listed in *Ehrenhaus v. Reynolds*, 965 P.2d 916 (10th Cir. 1992), is "not necessary").

In light of this Recommendation,

IT IS FURTHER **ORDERED** that Defendant's Motion to Quash Service and Dismiss Complaint [#17] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that Plaintiffs' Motion to Accept Summons Filing [#21] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that Plaintiffs' Motion for a Request for Waiver of Service of Summons [#25] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 3, 2022

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge